IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BRIAN C. JOHNSON,

        Plaintiff,

vs.                               **Case No. 08-4091-RDR**

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

## MEMORANDUM AND ORDER

This is an appeal from the denial of plaintiff's application for disability insurance benefits.

Defendant has filed a motion to reverse and remand the decision to deny benefits and for entry of final judgment. Defendant states:

> Agency Counsel specifically requested that the Appeals Council remand this case with instructions for the ALJ (Administrative Law Judge) to address Plaintiff's residual functional capacity (RFC) both with and without the effects of alcohol/drug abuse. Further, as needed, on remand, a finding will be made as to whether the alcohol/drug abuse is a contributing factor material to any disability finding. Finally, on remand, the ALJ will be asked to address all relevant lay statements and testimony, providing supporting rationale for the weight assigned thereto and to clarify why the grid rule for medium work was used when no exertional limitations were found.

Doc. 11, pp. 1-2.

Plaintiff "agrees that the record in this case does not compel this Court to find him disabled, and that a remand to the defendant for further proceedings would be appropriate."  Doc. 10, p. 4.

But, plaintiff contends that any remand order issued by the court should direct defendant to address the claims of error plaintiff describes in his brief in support of his appeal.  Specifically, plaintiff contends that a remand order should direct defendant to:

>    - consider all of the evidence in the record and discuss it in accordance with the guidelines set forth in <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996);
>
>    - assess the plaintiff's RFC in accordance with the standards and procedures set out in SSR 96-8p;
>
>    - reevaluate the plaintiff's allegations of degenerative disc disease, chronic pain syndrome and fibromyalgia and the functional consequences of exercise as a treatment for fibromyalgia, considering all of the evidence in the record;
>
>    - assess the plaintiff's mental impairments using the special technique set out in 20 C.F.R. § 404.1520a and § 416.920a and give reasons linked to the record for the conclusions reached;
>
>    - determine the weight to be given to the opinion of the plaintiff's treating physician and other medical opinions using the factors set out in 20 C.F.R. § 404.1527(d) and § 416.927(d); and
>
>    - evaluate the credibility of the plaintiff's allegations concerning his pain and other symptoms in accordance with the standards set out in <u>Luna v. Bowen</u>, 834 F.2d 161 (10th Cir. 1987), 20 C.F.R. § 404.1529 and § 416.929, and SSR 96-7p.

Doc. 10, p. 5.  Plaintiff also asks that, if defendant's motion for remand is granted, the court place a time limit of approximately three or four months for completing the proceedings upon remand.  Doc. 14, p. 2.

Defendant does not oppose consideration of plaintiff's claims on remand.  Defendant states:

2

> [I]nherent in Defendant's [m]otion [to reverse and remand] is the fact that Plaintiff will receive a new hearing and a new decision from the ALJ.  It is at that hearing that Plaintiff will be able to advocate his position and raise with the ALJ any of the additional alleged deficiencies in the ALJ's decision. . . . Remand would expedite administrative review, ensure that the Commissioner properly considers Plaintiff's claims, and could make judicial review unnecessary.

Doc. 11, pp. 2-3.  Thus, defendant suggests that plaintiff will be able to raise and have considered the issues mentioned above on remand, even if those issues are not specifically identified in the order of remand.

There appears to be a limited amount of clash between the two sides in this case.  Defendant wants the Commissioner's decision to deny benefits reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  Plaintiff agrees to reversing and remanding so long as plaintiff's issues are addressed on remand.  Defendant does not oppose the consideration of plaintiff's issues on remand, but does not believe it is necessary that the court mandate consideration of the issues in the order of remand.

Social Security regulations provide that after remand from federal court "[a]ny issues relating to [a disability] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in [the] case."  20 C.F.R. § 404.983.  Thus, there is broad authority to consider any issues raised by the parties after remand from the federal court.

However, the scope of review or reconsideration upon remand may be limited by the district court.  The Supreme Court case of <u>Sullivan v. Hudson</u>, 490 U.S. 877, 885-86 (1989) is often cited for this proposition:  "[T]he district court's remand order will often include detailed instructions concerning the scope of the remand . . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."

Accordingly, it appears that if the court reversed and remanded the decision to deny benefits for further proceedings to consider the issues described in defendant's motion, the agency's review upon remand might be construed as limited to those issues to the exclusion of the issues raised by plaintiff.  Because defendant has not voiced a specific objection to review of the issues raised by plaintiff, the court shall reverse and remand the decision to deny benefits for consideration of the issues identified by plaintiff and defendant.  These issues are set forth in this order.  The court declines to place a time limit upon the consideration of this matter on remand, but the court urges defendant to address the issues on remand expeditiously.  This order reversing and remanding the decision to deny benefits is made pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Dated this 26th day of February, 2009 at Topeka, Kansas.


                              s/Richard D. Rogers
                              United States District Judge